IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **8:23CR86** |
| vs. | |
| CHRIS SCHMITT, | ORDER FOR THE PROGRESSION OF A CRIMINAL CASE |
| Defendant. | **Judge Brian C. Buescher** |

Upon the Court's approval of the Defendant's Waiver of Personal Appearance at Arraignment and entry of plea(s) of not guilty,

IT IS ORDERED:

1. **Trial Scheduling.** Prior to the expiration of the pretrial motion deadline, the defendant shall inform chambers of the assigned magistrate judge whether the defendant is a) filing a motion for the extension of the pretrial motion deadline; b) requesting the scheduling of a change of plea hearing; c) filing a motion for the setting of a status conference; or d) planning on proceeding to trial.[1]  Unless otherwise ordered, trial of this case will be scheduled upon the expiration of the pretrial motion deadline, or final ruling on any motions filed.

2. **Discovery Deadline; Exculpatory Evidence.** By **May 16, 2025**, if requested, counsel shall confer and accomplish the discovery as required under Federal Rules of Criminal Procedure 16(a)(1)(A)-(F) and 16(b)(1)(A)-(B), and must comply with the continuing duty to disclose such matters pursuant to Rule 16(c).

Pursuant to the Due Process Protections Act, the Court confirms the United States' obligation to disclose to the defendant all exculpatory evidence as required by Brady v. Maryland, 373 U.S. 83 (1963) and its progeny, and orders the United States to do so. Failure to disclose exculpatory evidence in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, or sanctions by the Court.

---

[1] The filing of a motion for extension of the pretrial motion deadline or a motion for the setting of a status conference will satisfy this requirement.  A request for the scheduling of a change plea hearing shall be made by contacting the chambers of the assigned magistrate judge.

3.  **Pretrial Motion; Prerequisites.**  The filing, briefing, and hearing of pretrial motions, including ex parte motions and applications, shall be governed by NECrimR 12.1 - 12.5.

    (a) Pretrial motions, as defined under Federal Rule of Criminal Procedure 12(b)(3), shall be filed on or before **May 29, 2025**, and that deadline will not be extended by the Court except for good cause shown.

    (b) In the event that any motions are filed seeking bills of particulars or discovery of facts, documents, or evidence, including Brady material, the moving party's motion must state that counsel for the movant has talked to opposing counsel regarding the subject of the motion in an attempt to reach an agreement on the contested matters without involving the court and that such attempts have been unsuccessful. The motion shall further state the dates and times of such conferences.

    (c) In the event any pretrial motion is filed, a supporting brief required by the provisions of NECrimR 12.3(b)(1) and, if applicable, evidence required by the provisions of NECrimR 12.3(b)(2), shall be simultaneously filed. Any request for hearing must be made as required by the provisions of NECrimR 12.3(b)(4). Any response to a motion shall be filed **within fourteen (14) days** in accordance with NECrimR 12.3(c).

    (d) Any request for leave to file a post-hearing brief must be made prior to or at the close of the evidentiary record for the hearing. Requests for post-hearing briefs must explain the specific reasons the requesting party cannot be expected to argue its position before the hearing. Post-hearing briefs will not generally be permitted unless the facts are so complex as to require them, or the evidence adduced at the hearing is so different from that expected to be adduced that it triggers different law, the applicability of which could not have been anticipated by the parties before the hearing.

    (e) Any ex parte application for the subpoena of a witness pursuant to Federal Rule of Criminal Procedure 17(b) shall contain the satisfactory showing required by said rule and shall be filed sufficiently in advance of the time needed for such testimony so as to allow the United States Marshal adequate time in which to serve any subpoena. Absent good cause shown, any application or motion for an order to produce the appearance of an incarcerated witness shall be filed sufficiently in advance of the time needed for such testimony so as to allow the United States Marshal **at least fourteen (14) days** to arrange for such appearance.

4.  **Experts; Disclosures.**  Any request for expert disclosures under the provisions of Federal Rules of Criminal Procedure 16(a)(1)(G) or (b)(1)(C) shall be filed **within five (5) days** of an order setting trial.  If a request be made, the government shall make its case-in-chief expert disclosures under Rule16(a)(1)(G) **within twenty-one (21) days** before trial.  If a request be made, a defendant shall make its case-in-chief expert disclosures under Rule16(b)(1)(C) **within fourteen**

**(14) days** before trial.  If a request be made, the government shall make its rebuttal expert disclosures under Rule16(a)(1)(G) **within seven (7) days** before trial.  In lieu of a request for expert disclosures under Rule 16(a)(1)(G) or (b)(1)(C), any party may file a request for a status conference with the assigned magistrate judge to discuss case progression, to include, but not be limited to, discovery or expert disclosure deadlines, change of plea hearings, Federal Rule of Criminal Procedure 17.1 conferences, and trial scheduling.

5.    **Continuances.**  Any motion for a continuance or an extension of deadlines shall be filed in accordance with the provisions of NECrimR 12.1 - 12.3.

6.    **Change of Plea.**  If plea negotiations are to be instituted, they shall be concluded and advice thereof given to the trial judge **not less than seven (7) days** before the trial date;

7.    **Sealed Filings.**  Financial affidavits, pretrial services reports, the Court's statement of reasons for sentencing, presentence investigation reports, sentencing recommendations, and other sentence-related motions will be filed under seal.

In addition, on motion presented to the court during a hearing for entry of a plea of guilty, for the reasons explained in General Order 2018-2, the Court may order portions of any plea agreement to be filed under seal. If the motion is granted, the motion to seal, order granting the motion, and the sealed portion of the plea agreement will be filed in a separate and sealed docket of the court.

8.    **Incarcerated Witnesses.**  Absent good cause shown, any application or motion for an order to produce the appearance of an incarcerated witness shall be made sufficiently in advance of the time needed for such testimony so as to allow the United States Marshal **at least fourteen (14) days** to arrange for such appearance.  Any ex parte application for the subpoena of a witness pursuant to Federal Rule of Criminal Procedure 17(b) shall contain the satisfactory showing required by said rule and shall be submitted sufficiently in advance of the time needed for such testimony so as to allow the United States Marshal adequate time in which to serve any subpoena.

9.    **CJA Vouchers.**  Applications or vouchers pursuant to the Criminal Justice Act ("CJA") for authorization to hire third parties, to exceed CJA spending limits, or for the expenditure of CJA funds shall be submitted through the CJA eVoucher system and supported by a statement of:

a.    The name, address and telephone number of the person sought to be hired (if applicable);

b.    A specific statement of the amount sought and the method for computing it; and

    c.  A statement of the factual and legal bases supporting the request; including specific argument for exceeding the CJA's limits.

10. **Defendant's Presence.** The defendant shall be present at all pretrial proceedings unless the defendant's presence is excused by the Court, or the proceeding is scheduled with counsel only. A defendant's request to be absent from a proceeding must be filed **at least three (3) business days** prior to the proceeding, and it must be supported by either the defendant's written declaration or affidavit stating that the defendant knowingly, intelligently and voluntarily gives up the right to attend the proceeding, or by counsel's statement that counsel has advised the defendant of the right to attend the proceeding, the defendant acknowledges understanding that right, and the defendant knowingly and voluntarily waives the right to attend the proceeding.

DATED this 9th day of May, 2025.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge