IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:23CR86 |
| | ) | |
| Plaintiff, | ) | BRIEF IN SUPPORT OF THE |
| | ) | MOTION TO DISMISS OR IN |
| Vs. | ) | THE ALTERNATIVE A |
| | ) | BILL OF PARTICULARS AND |
| CHRIS SCHMITT, | ) | REQUEST FOR HEARING |
| | ) | |
| Defendant. | ) | |

    COMES NOW, Mr. Christopher Schmitt, by and through his attorney, Desirae M. Solomon, Attorney at Law, and hereby files with this Court his Brief in Support of his Motion to Dismiss or in the alternative, a Motion for Bill of Particulars. In support thereof, the undersigned states as follows:

    1.    In Count II, Mr. Schmitt, is charged with entering into a conspiracy to knowingly conduct financial transactions affecting interstate commerce which involved the proceeds of the specified unlawful activity of distribution of marijuana, knowing that the transactions were designed to conceal and disguise the nature, location, and source of conspiracy, and while conducting the financial transaction knew the property involved in the financial transaction represented the proceeds of the unlawful activity. This count violates the duplicity doctrine in at least two (2) ways. First of all, it fails to allege a specific financial transaction, instead charging thirteen (13) defendants with financial transactions.

    In *Martin*, a defendant was alleged to have sold shares of his own company, but the money used to purchase that stock was actually proceeds from marijuana sales. Specifically Mr. Martin's friend arranged for two persons, involved in a marijuana conspiracy, to be investors in Mr. Martin's company. There were two (2) separate transactions identified in Counts III and IV, which identified different dates. *United States v. Martin*, 933 F. 2d 609 (8th Cir. 1991). Furthermore, it is the individual acts of money laundering that are prohibited under the statute, not the course of conduct which those individual acts may constitute in the aggregate. *United States v. Martin*, 933 F. 2d 609 (8th Cir. 1991). Therefore, by referencing the plural– financial transactions over a seven (7) year time frame, Count II is duplicitous and should be dismissed.

    2.    Alternatively, Mr. Schmitt requests a Bill of Particulars for Counts I, II, and III requiring the government to provide the following specific information:

(a) identities of all known and unknown co-conspirators, the specific acts Mr. Schmitt is alleged to have committed, specific dates Mr. Schmitt is alleged to have committed those specific acts; and

(b) the specific financial transaction at issue, the date of the alleged transaction, the specific parties involved in the specific financial transaction and the specific named person and/or defendant the government is alleging is criminally liable for the transaction

Under Fed. R. Crim. P. 7, the indictment shall provide a defendant with the essential facts constituting the offense charged. The Bill of Particulars is necessary in this particular case to not only inform Mr. Schmitt of nature of the charges against him, but erodes his ability to adequately prepare for trial to avoid surprises and to assert any double jeopardy challenges. The Bill of Particulars will also afford Mr. Schmitt the opportunity to prepare any alibi defense for conduct the government alleges he committed rather than an open ended vague indictment.

8. Mr. Schmitt requests an evidentiary hearing on this Motion.

DATED this 15th day of January, 2026.

RESPECTFULLY SUBMITTED,

CHRIS SCHMITT, Defendant.

BY: /s/Desirae M. Solomon
Desirae M. Solomon, #22719
Attorney at Law
13215 Birch Drive, Suite 103
Omaha, NE 68164
Phone: (402) 578-4260
desirae@desiraesolomonlaw.com
Attorney for Defendant

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was sent via the United States District Court CM/ECF to the electronic email on file for Thomas Kangior, Assistant U.S. Attorney, Brett Bloom, ayogapractice@gmail.com, Theodore Cassman, cassman@achlaw.com, Javier

2

Coronado, jcoronado@diazreus.com, Ryan D'Ambrosio, r.dambrosio37@gmail.com, Stuart Dornan, stu@dltlawyers.com, Benjamin Gluck, bgluck@birdmarella.com, Raphael Goldman, goldman@achlaw.com, Jerry Hug, jerry@hugandjacobs.com, Michael Landman, mlandman@birdmarella.com, Robert Matz, robert@matzlawgroup.com, James McGough, jmcgough@mcghoughlaw.com, Katherine McNamara, kmcnamara@mcgrathnorth.com, Daniel Michael, david@michaelburdchlaw.com, Christopher Parente, cparente@cheronislaw.com, Jeremy Ross, jeremy@jlrosslaw.com, Michael Severo, msevero@mvslaw.com, Alyssa Silvaggi, asilvaggi@royblack.com, Adam Sipple, adam@sipple.law, Howard Srebnick, hsrebnick@royblack.com, Michael Wilson, michaelw@jsberrylaw.com, on this 15th day of January, 2025.

/s/Desirae M. Solomon
Desirae M. Solomon

3